# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>                          Plaintiff,<br><br>  v.<br><br>BACHMAN FLATS, LLC, a California limited liability company, and BACHMAN FLATS HOMEOWNERS ASSOCIATION, a California non-profit mutual benefit corporation,<br><br>                        Defendants. | Case No. 17-cv-00712-BAS-RBB<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |

On April 7, 2017, Plaintiff Evanston Insurance Company brought this claim for declaratory relief against Defendants Bachman Flats, LLC and Bachman Flats Homeowners Association ("BFHOA"). (ECF No. 1, "Compl.") According to the Complaint, Defendant Bachman Flats, LLC is a California LLC, while Defendant BFHOA is a California nonprofit corporation. *Id*. ¶¶ 2–3. Evanston invokes diversity jurisdiction under 28 U.S.C. § 1332.

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus. Inc.*, 419 F.3d 1064,

1068 (9th Cir. 2005). To invoke a district court's diversity jurisdiction, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); 28 U.S.C § 1332(a). Complete diversity exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The party seeking to invoke diversity jurisdiction has the burden of both pleading and proving such jurisdiction. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016) (citation omitted).

Here, Plaintiff alleges that Bachman Flats, LLC "is a limited liability company organized and existing under the laws of the State of California with its principal place of business in San Diego County, California." (Compl. ¶ 2.) This allegation is insufficient to allege diversity jurisdiction. For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Here, Plaintiff alleges the state in which Defendant Bachman Flats, LLC was formed and does business, but makes no allegations regarding the citizenship of the LLC's constituent members. Therefore, Plaintiff has not sufficiently pled complete diversity, and the Court lacks subject matter jurisdiction over this case.

For these reasons, the Court **DISMISSES** Plaintiff's Complaint with leave to amend. Plaintiff may file an Amended Complaint properly alleging the citizenship of Bachman Flats, LLC no later than **April 17, 2017**.

**IT IS SO ORDERED**.

DATED: April 10, 2017

Hon. Cynthia Bashant
United States District Judge